UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANDREW S. LEE,<br><br>  Plaintiff,<br><br>v.<br><br>NEW ERA ASSET MANAGEMENT, LLC,<br><br>  Defendant. | CIVIL ACTION<br><br>COMPLAINT 3:21-cv-01080<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** ANDREW S. LEE by and through his undersigned counsel, complaining of the Defendant, NEW ERA ASSET MANAGEMENT, LLC, , as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692. and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 et seq.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

4. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. §1367.

## PARTIES

5. ANDREW S. LEE ("Plaintiff") is a consumer and natural person over 18-years-of-age, who at all times relevant, resided in Grand Prairie, Texas.

1

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

8. NEW ERA ASSET MANAGEMENT, LLC ("Defendant") is a limited liability company with its principal place of business located at 701 Seneca St. Suite 425, Buffalo, New York 14210.

9. Defendant's is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts in the state of Connecticut that are owed or due or asserted to be owed or due another.

10. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) because it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

11. At some point, Plaintiff applied and was approved for a line of credit with Bank of Missouri through Robbins Brothers Retail.

12. Due to unforeseen circumstances, Plaintiff fell behind on his obligation to Robbins Brothers Retail.

13. In or around December 2020, Plaintiff began receiving calls to his cellular phone from Defendant.

14. Defendant was placing calls to Defendant regarding the Robbins Brothers Retail line of credit with a balance of approximately $780 ("subject debt") with the original line of credit of $3,000.

15. On numerous occasions Plaintiff explained that he would like to calls to stop.

16. Specifically, Plaintiff explained that he doesn't have the ability to make a payment.

17. Despite Plaintiff's request that the calls cease, Defendant continued to call Plaintiff on his cellular phone.

18. Defendant mainly called Plaintiff's cellular phone number from phone number including, but not limited to: (716) 587-8915.

19. Too add insult to injury Defendant began calling the Plaintiff's family members including but not limited to his mother, brother and uncle.

20. When doing so, the Defendant would also disclose the Plaintiff's personal information to his family members.

21. Specifically, on more than one occasion, Defendant offered payment plans to the Plaintiff's mother for the balance of the debt.

22. Defendant's phone harassment campaign was highly upsetting and inconvenient to Plaintiff and the Plaintiff's family which has caused Plaintiff actual harm, including but not limited to, invasion of privacy, the aggravation that accompanies unsolicited telephone calls, emotional distress, increased usage of his cellular phone service and utility services (power), reduced battery life, diminished space for data storage on his cellular phone, and increased risk of personal injury resulting from the distraction caused by the never-ending collection calls.

23. As a result, Plaintiff was forced to expend time and energy to retain counsel as a result of Defendant's conduct.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

24. Plaintiff restates and realleges all preceding paragraphs of this Complaint as though fully set forth herein.

25. The debt on which Defendant was attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) because it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

26. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

27. Defendant violated 15 U.S.C. §§1692b(2), c(b), and d through its unlawful debt collection practices.

    a.  **Violations of FDCPA §1692b**

22. Pursuant to §1692 b(2) of the FDCPA, prohibits a debt collector from contacting a third party and stating that a consumer owes any debt.

23. Defendant violated §1692b(2) when it called the Plaintiff's mother, brother and uncle and disclosed confidential information about the debt.

24. Defendant violated §1692b(2) by disclosing to family members that the Plaintiff owes the subject debt.

25. Furthermore, Defendant violated §1692(3) when it contacted Plaintiff's mother, brother and uncle multiple times. These calls were made with the intent to humiliate Plaintiff in hopes that he would succumb to the harassment and make an immediate payment on the subject debt.

    b.  **Violations of the FDCPA §1692c**

26. Defendant violated §1692c(b) when it contacted the Plaintiff's mother, brother and uncle in regards to the subject debt that was owed by the Plaintiff.

    c.  **Violations of FDCPA §1692d**

27. Pursuant to §1692d of the FDCPA, a debt collector is prohibited from engaging "in an conduct the natural consequence of which is to harass, oppress, or abuse any person in connection

with the collection of a debt." §1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

27. Defendant violated §§1692d and d(5) when it continuously called Plaintiff seeking to collect upon a debt on which offering the Plaintiff payment plan.

28. Additionally, Defendant violated §§1692d and d(5) when it continuously placed phone calls to Plaintiff's cellular telephone after Plaintiff requested that the phone calls cease.

29. Defendant also violated §1692 d(6) placing telephone calls and leaving messages without disclosing his/her identity.

30. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing the Plaintiff.

**WHEREFORE**, Plaintiff, ANDREW S. LEE, requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Enjoining Defendant from further contacting Plaintiff and Plaintiff's family;
c. Awarding Plaintiff statutory and actual damages of $1,000 as provided under 15 U.S.C. §1692k(a)(2)(A);
d. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and
e. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT II

### Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq.*)

31. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

32. Section 392.302(4) of the Texas Finance Code prohibits a debt collector from causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number. Tex. Fin. Code Ann. § 392.302(4).

33. Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff despite Plaintiff's requests that the collection calls cease.

34. Defendant's collection calls were made with the intent to harass Plaintiff and to pressure Plaintiff into making payment on the subject debt.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment in his favor as follows:

   a. Finding that Defendant violated Tex. Fin. Code Ann. § 392.302(4);

   b. Enjoining Defendant from further contact with Plaintiff pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

   c. Awarding Plaintiff actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

   d. Awarding Plaintiff his reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

   e. Awarding any other relief as this Honorable Court deems just and appropriate

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: May 12, 2021                                          Respectfully submitted,

*/s/ Victor T. Metroff, Esq.*
Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
*Counsel for Plaintiff*
SULAIMAN LAW GROUP, LTD.

2500 South Highland Avenue  
Suite 200  
Lombard, Illinois 60148  
(630) 575-8181 (phone)  
(630) 575-8188 (fax)  
mbadwan@sulaimanlaw.com  
vmetroff@sulaimanlaw.com